**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| LEROY G. HOWARD and SARAH L. HOWARD,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>Defendant. | ) | No. 2:26-CV-04200-WJE |

**ORDER**

Pending before the Court is Defendant United Services Automobile Association's ("USAA") Motion to Remand and Amended Motion to Remand.[1] (Docs. 10, 11). Plaintiffs have not filed a response, and the time to do so has passed. For the reasons set forth below, the Defendant's Motion to Remand to State Court is GRANTED.

## I. Background

This action arises from an insurance dispute between the Howards and USAA. (Doc. 1-1 at 1-6). On March 14, 2025, the Howards' property, insured by USAA, was damaged in a storm. (*Id.* at 3). On July 29, 2026, the Howards brought suit in the Circuit Court of Camden County, Missouri, against USAA for breach of contract relating to USAA's alleged failure to pay for damages to their insured property. (*See* Doc. 1-1).

## II. Discussion

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

On July 29, 2026, the Howards filed a Petition in the Circuit Court of Camden County, Missouri, for breach of contract and alleged violations of Missouri Revised Statutes §§ 375.296 and 375.420. (Doc. 1-2). On August 17, 2026, USAA filed a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc 1).

On September 2, 2026, USAA filed a Motion to Remand to State Court stating that counsel for defendant has since learned that there is no diversity jurisdiction in this case. (Doc. 10). On September 14, 2026, USAA filed an Amended Motion to Remand that did not substantively differ from the original motion, but added that this error was entirely on the part of counsel. (Doc. 11). The Plaintiffs have not filed a response to either motion. For the reasons that follow, the Court finds that remand is required.

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir 2009). A federal district court may exercise removal jurisdiction only when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). Federal district courts have original diversity jurisdiction over cases "between citizens of different states" when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). If there are any doubts about whether removal is proper, the federal court must remand the case to state court. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712

F.3d 401, 405 (8th Cir. 2013) (quoting *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

In this case, USAA's counsel states that he was mistaken regarding the defendant's citizenship for diversity purposes and submits that removal was therefore incorrect. (Doc. 11 at 2). USAA is a reciprocal insurance exchange that has members in all fifty states. Accordingly, it has the same citizenship as each of its members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) ("[W]hen an artificial entity [other than a corporation] is sued in its name, it takes the citizenship of each of its members."); *Lewis v. United Servs. Auto. Ass'n*, 45 F.3d 433 (8th Cir. 1994) (holding that USAA is a citizen of every state in which it has members). Counsel submits that complete diversity of citizenship does not exist and seeks to remand the case to state court. (Doc. 11 at 2). The Court finds it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447, grants defendant's motion to remand the matter to state court.

## III. Conclusion

For the reasons set forth above, the Court finds that the Motion to Remand to State Court and Amended Motion to Remand to State Court (Docs. 10, 11) should be **GRANTED**. Accordingly,

IT IS, THEREFORE, ORDERED that Defendant's Motion to Remand to State Court is GRANTED as set forth herein.

IT IS FURTHER ORDERED that this matter be remanded to the Circuit Court of Camden County, Missouri.

Dated this 18th day of September, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge